IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| GERALD McCABE, LARRY McCABE, and LORI McCABE,<br><br>    Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, INC.,<br><br>    Defendant.<br>_____ | :<br>:<br>:<br>:<br>:<br>: Civil Action No. 7:09-cv-125 (HL)<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

# ORDER

Plaintiffs filed this matter in the Valdosta Division of the Middle District of Georgia, United States District Court, on October 21, 2009, alleging diversity as the basis for federal jurisdiction. Because federal courts have only limited jurisdiction, part of the Court's initial review process requires the Court to determine whether a proper jurisdictional basis exists in each case. Thus, when a plaintiff files a claim in federal court it is generally the plaintiff's burden to allege the specific facts necessary to establish jurisdiction. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000).

A federal court's jurisdiction can be based upon a question of federal law or diversity of citizenship; however, as Plaintiffs are attempting to establish jurisdiction based on diversity, the Court will not discuss the necessary elements of federal question jurisdiction. Pursuant to 28 U.S.C.A. § 1332, diversity jurisdiction requires the legal matter to exceed the sum or value of $75,000, exclusive of interests and costs, and be between citizens of different states. 28 U.S.C.A. § 1332(a)(1). In the present case, Plaintiffs have not established that Plaintiffs and Defendant are citizens of states that are completely diverse.

There is no statutory definition of citizen with regard to natural persons. Federal courts hold an individual's citizenship is equivalent to "domicile" for purposes of diversity jurisdiction. McCormick v. Anderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). Domicile requires one's physical presence within the state with the intent to make the state one's "'true, fixed, and permanent home and principal establishment.'" Id. at 1257-58 (quoting Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974)). Furthermore, a person may reside in one place but be domiciled in another. Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S. Ct. 1957, 1608, 104 L.Ed.2d 29 (1989). Consequently, Plaintiffs' allegation of residency in Georgia is not enough to establish the requisite citizenship for diversity jurisdiction.

In regard to the citizenship of Defendant, a corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C.A. § 1332(c)(1). To establish the citizenship of a domestic corporation, Plaintiffs must allege both Defendant's state of incorporation and state of principal place of business. Consequently, Plaintiffs' allegation that Defendant is a Delaware corporation registered to do business in the State of Georgia does not sufficiently define Defendant's principal place of business.

Because Plaintiffs have failed to properly allege citizenship of the parties involved, federal diversity jurisdiction has not been established. Therefore, Plaintiffs shall have until October 30, 2009, to amend their complaint and to properly allege jurisdiction. If Plaintiffs fail to amend timely, the case will be dismissed for lack of jurisdiction.

**SO ORDERED**, this the 26th day of October, 2009.

*s/   Hugh Lawson*
**HUGH LAWSON, Senior Judge**

mbh